# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ANTHONY JAMES MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-362 (EGS) |
| | ) | Electronic Case Filing |
| THE NATIONAL DNA INDEX | ) | |
| SYSTEM *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
## FOR DEFAULT JUDGMENT

Defendants, identified in the Complaint as the National DNA Index System, the Director of the National DNA Index System, the Federal Bureau of Investigation, and the Director of the Federal Bureau of Investigation, through their undersigned counsel, respectfully oppose plaintiff's motion for default and/or default judgment.

The procedural posture of this case is, at best, unclear. Plaintiff, a convicted sex offender (Am. Compl. ¶ 10), filed a motion in August asking unambiguously that the action be dismissed, and defendant noted in a response that his filing should be deemed to be a voluntary dismissal under Rule 41(a). "[T]he general purpose of Federal Civil Rule 41(a) is to preserve plaintiff's right to take voluntary nonsuit and start over, so long as defendant is not hurt." See, e.g., McCall-Bey v. Franzen, 777 F.2d 1178, 1184 (7th Cir. 1985). Thus, plaintiff acted well within his rights by dismissing this case without the Court's permission, and without prejudice to his being able to bring new suit, where, as here, defendants have not yet answered the complaint or moved for summary judgment. Id.; see Thorp v. Scarne, 599 F.2d 1169, 1171 (2d Cir. 1979)

(filing of a notice of voluntary dismissal automatically terminates the lawsuit; no action by the court is necessary to effectuate a dismissal).

The form of plaintiff's request is not determinative.  <u>Roddy v. Dendy</u>, 141 F.R.D. 261, 261-62 (S.D. Miss. 1992) (although plaintiff did not file a formal notice of dismissal, court construed voluntary motion to dismiss as equivalent).  Because his motion clearly requests dismissal of this case, the Court should consider it to have been dismissed as of not later than August 30, 2006.  <u>See</u> Docket Entry No. 10.  Dismissal relieved defendant of any obligation to respond in this case.

Subsequently, without filing any request for leave to re-instate, plaintiff purportedly filed an amended complaint.  <u>See</u> Docket Entry No. 13.  The day after the amended complaint was added to the ECF, defendant filed a response to plaintiff's request for reconsideration in which he requested dismissal, along with a protective motion for enlargement of time to respond.

The general standard in this Circuit for granting a motion for default judgment is set forth in <u>Jackson v. Beech</u>, 636 F.2d 831 (D.C. Cir. 1980), as well as Rule 55 of the Federal Rules of Civil Procedure.  As the Court of Appeals in <u>Jackson</u> noted, a default judgment is disfavored as "modern federal procedure favors a trial on the merits over a default judgment." <u>Id.</u> at 835.  The <u>Jackson</u> Court further held that courts may grant default judgment against a "totally unresponsive party" after considering the following factors: 1) whether the delay is willful, 2) whether the plaintiff has been prejudiced by the delay, and 3) whether the alleged defense is meritorious. <u>Jackson v. Beech</u>, 636 F.2d at 835-36; <u>Combs v. Nick Garin Trucking</u>, 825 F.2d 437, 442 (D.C. Cir. 1987).

Significantly, when one seeks default against the government or its officers, the standard is significantly higher.  No judgment by default shall be entered against the United States or an officer or agency thereof unless the claimant establishes a claim or right to relief by evidence satisfactory to the court.  Fed. R. Civ. P. 55(e); see also O-J-R v. Ashcroft, 216 F.R.D. 150, 152-53 (D.D.C. 2003) (Rule 55(e) prohibits courts from entering default judgments against the United States or officers or agencies thereof unless the claimant, by evidence satisfactory to the court, establishes a right to relief).

Plaintiff's motion plainly fails to satisfy these standards because it fails to address the underlying merits of his claim under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").  Moreover, until the Court resolves the status of plaintiff's voluntary dismissal, default is inappropriate for several reasons.  First, by virtue of plaintiff's own actions, defendant's duty to respond is in serious doubt.  Absent any duty to respond, default is impossible.  See Fed. R. Civ. P. 55(a) (defining default).  Second, although not on the merits, defendant has responded and cannot be said not to have defended this action.  Id.; see Docket Entry No. 14 (defendant's response).  Third, because plaintiff is incarcerated, the Prisoner Litigation Reform Act provides that defendant has the right to waive filing a "reply to any action brought by a prisoner . . .  under . . . any other federal law[,]" and "[n]o relief shall be granted to the plaintiff unless a reply has been filed."  42 U.S.C. § 1997e(g)(1).[1]  Accordingly, at least at this juncture, the entry of default

---

[1]  Sub-section (2) provides that "[t]he court may require any defendant to reply to a complaint brought under this section if it finds that the plaintiff has a reasonable opportunity to prevail on the merits."  42 U.S.C. § 1997e(g)(2).

would be a purely empty act because the Court is unable to enter any relief without violating the PLRA.

However, based on plaintiff's apparently re-kindled desire to proceed with his claims at some point, undersigned counsel has been working with the Federal Bureau of Investigation to obtain one or more appropriate declarations to address plaintiff's FOIA request and currently anticipates being able to file a motion for summary judgment as soon the end of November, 2006. The only remaining issue is whether that motion would be filed in this case or a new one filed by plaintiff to overcome his dismissal of the instant action several months ago.

Thus, even if it could otherwise appear that defendant has not responded in this case, undersigned counsel assures the Court that steps are being taken to prepare to respond, and the Court should deny plaintiff's motion and grant defendants' protective motion for an extension of time through at least November 30, 2006 to allow defendants to file a dispositive motion if the Court deems plaintiff's voluntary dismissal to have been negated by the filing of the amended complaint.

## Conclusion

For all these reasons, plaintiff's motion for entry of default judgment should be denied. A draft order is attached.

Dated: November 6, 2006.

Respectfully submitted,

_____

JEFFREY A. TAYLOR, D.C.BAR # 498610
United States Attorney

- 4 -

/s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

/s/
JANE M. LYONS, D.C. BAR # 451737
Assistant United States Attorney
Civil Division
555 4th St., N.W. - Room E4822
Washington, D.C.  20530
(202) 514-7161

<u>CERTIFICATE OF SERVICE</u>

Because plaintiff is representing himself in this matter and not registered to use the

Court's Electronic Case Filing system, I certify that on November 6, 2006, I deposited a copy of

the foregoing **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION**

**FOR DEFAULT JUDGMENT** in the first class United States mail, postage prepaid, addressed

to the following:

> **ANTHONY JAMES MOORE**
> No. 22547
> North Dakota State Penitentiary
> P. O. Box 5521
> Bismarck, North Dakota 50506-5521

/s/_____
JANE M. LYONS
Assistant United States Attorney