UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTHONY JAMES MOORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-362 (EGS) |
| ) | Electronic Case Filing |
| THE NATIONAL DNA INDEX ) | |
| SYSTEM *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

DEFENDANTS' MOTION FOR A PROTECTIVE ORDER
AND PROPOSED BRIEFING SCHEDULE

This matter is before the Court on remand from the United States Court of Appeals for

the District of Columbia Circuit's decision permitting this action to proceed on plaintiff's

amended complaint.  Plaintiff seeks a report or information from the FBI concerning analysis of

DNA results and/or testing of biological evidence involved in his state prosecution for a sex

offense.  See generally Amended Complaint [Docket Entry No. 13]; State v. Moore, 662

N.W.2d 263 (N.D. 2003).  Because the only relief sought is production of records, this case

should be analyzed under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), even

though plaintiff does not invoke the statute in his pleading.  See Estelle v. Gamble, 429 U.S. 97,

106 (1976) (courts should treat liberally materials filed by a non-lawyer representing himself)

(citation omitted).

Plaintiff previously filed a request seeking responses to certain interrogatories and

requests for production of documents he attached to Plaintiff's Motion for Order for Judgment

By Default in October, 2006.[1]  Defendants, identified in the Amended Complaint as the National

DNA Index System, the Director of the National DNA Index System, the Federal Bureau of

Investigation, the Director of the Federal Bureau of Investigation, and the United States

Department of Justice's Office of Information and Privacy and its Director, Priscilla Jones,

respectfully move the Court for a protective order pursuant to Fed. R. Civ. P. 26(c) protecting

Defendants from improper and premature discovery requests propounded by Plaintiff.

Rule 26(c) provides that a court may grant a motion for protective order upon a showing of good

cause.  The Court should find that good cause exists here because discovery is not generally

permitted in cases under the FOIA, and Plaintiff's discovery requests were served  prematurely.

Discovery in FOIA actions is generally restricted.  See Public Citizen Health Research

Group v. FDA, 997 F. Supp. 56, 72 (D.D.C. 1998) ("Discovery is to be sparingly granted in

FOIA actions.").  The declarations to be supplied to the Court will describe the FBI's search in

reasonable detail, and will likely effectively contain sworn responses to at least some of the

plaintiff's interrogatories.  Therefore, the material Defendants will provide should obviate the

need for any legitimate discovery.  In a FOIA case, the defendant can establish the

reasonableness of its search by affidavits if they are relatively detailed, non-conclusory, and

made in good faith.  Weisberg v. Department of Justice, 745 F.2d 1485 (D.C. Cir. 1985).

Summary judgment is appropriate where, as here, the agency submits a "reasonably detailed

affidavit, setting forth the search terms and the type of search performed, and averring that all

files likely to contain responsive materials (if such records exist) were searched,'" unless a

---

[1]  These discovery requests do not appear as attachments on the version on the Court's
Electronic Filing System.

review of the record raises substantial doubt" about the adequacy of the search.  Valencia-

Lucena v. United States Coast Guard, 180 F.3d 321, 326 (D.C. Cir. 1999), quoting Oglesby v.

Department of Army, 920 F.2d 57, 68 (D.C. Cir. 1990).  The Court takes the initial look at

Defendants' evidence, and determines whether the declarations satisfy this standard.

Defendants intend to file a motion for summary judgment once undersigned counsel is

able to obtain one or more appropriate declarations from the Federal Bureau of Investigation.

Based on consultation with the personnel at the FBI, undersigned counsel currently anticipates

that a motion for summary judgment can be filed by July 31, 2007.  Because plaintiff is

representing himself and is presently incarcerated, defendants's counsel respectfully suggests the

following dates for briefing:

| | |
|---|---|
| Defendants' Motion for Summary Judgment: | July 31, 2007; |
| Plaintiff's Opposition: | September  7, 2007; |
| Defendants' Reply: | October 4, 2007.[2] |

Undersigned counsel did not consult with plaintiff on these dates, and would be amenable

to reasonable extensions of the deadlines if plaintiff requests more time.  See Local Civil Rule

7(m) (consultation on non-dispositive motions is required only where "counsel" represent

parties).

---

[2] The period of time for defendants' reply anticipates that plaintiff will serve any
opposition by U.S. mail.  Because the facility where plaintiff is presently incarcerated likely has
handling procedures for outgoing mail, and the Department of Justice's screening of incoming
mail often delays receipt of mail by significantly more than the three days presumed for receipt
under the Federal Rules of Civil Procedure, extra time is afforded.

WHEREFORE, defendants respectfully request that the Court enter a protective order

staying all discovery and the proposed briefing schedule to govern future proceedings in this

case.  A draft order is attached.

Dated: July 2, 2007.

Respectfully submitted,

JEFFREY A. TAYLOR, D.C.BAR # 498610
United States Attorney

RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

  /s/
JANE M. LYONS, D.C. BAR # 451737
Assistant United States Attorney
Civil Division
555 4th St., N.W. - Room E4822
Washington, D.C.  20530
(202) 514-7161

## CERTIFICATE OF SERVICE

Because plaintiff is representing himself in this matter and is not registered to use the

Court's Electronic Case Filing system, I certify that on July 2, 2007, I deposited a copy of the

foregoing **DEFENDANTS' MOTION FOR A PROTECTIVE ORDER AND PROPOSED**

**BRIEFING SCHEDULE** in the first class United States mail, postage prepaid, addressed to the

following:

**ANTHONY JAMES MOORE**
No. 22547
North Dakota State Penitentiary
P. O. Box 5521
Bismarck, North Dakota 50506-5521


/s/_____
JANE M. LYONS
Assistant United States Attorney