UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTHONY JAMES MOORE,  )<br>  )<br>  Plaintiff,  )<br>  )<br>  v.  )<br>  )<br>THE NATIONAL DNA INDEX  )<br>SYSTEM *et al.*,  )<br>  )<br>  Defendants.  )<br>  ) | Civil Action No. 06-362 (EGS)<br>Electronic Case Filing |

### DEFENDANTS' MOTION TO DISMISS AND FOR SUMMARY JUDGMENT

Defendants, identified in the amended complaint as the National DNA Index System, the Director of the National DNA Index System, the Federal Bureau of Investigation, the Director of the Federal Bureau of Investigation, and the United States Department of Justice's Office of Information and Privacy and its Director, Priscilla Jones, by and through undersigned counsel, respectfully move for dismissal of claims against improper defendants under Fed. R. Civ. P. 12(b)(6), and for summary judgment in favor of the Department of Justice pursuant to Rule 56 of the Federal Rules of Civil Procedure. The grounds for this motion are set forth in the accompanying Defendants' Memorandum in Support of Motion to Dismiss and for Summary Judgment. This motion is supported by the Declarations of David M. Hardy, Robert Fram, and Kimberly J. Del Greco, all of whom are employees of the Federal Bureau of Investigation, a component of the United States Department of Justice. A statement of material facts not in genuine dispute and a draft order are attached.

Plaintiff should take notice that any factual assertions contained in the declarations and other attachments in support of the defendants' motion will be accepted by the Court as true

unless the plaintiff submits his own affidavit or other documentary evidence contradicting the assertions in the defendants' materials. See Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992), Local Rule 7(h) and Fed. R. Civ. P. 56(e), which provides as follows:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

Dated: July 31, 2007.

                            Respectfully submitted,

                            _____
                            JEFFREY A. TAYLOR, D.C. Bar # 498610
                            United States Attorney

                            _____
                            RUDOLPH CONTRERAS, D.C. BAR # 434122
                            Assistant United States Attorney

                            _____
                            JANE M. LYONS, D.C. Bar # 451737
                            Assistant United States Attorney
                            555 4th Street, N.W - Room E4822.
                            Washington, D.C.  20530
                            (202) 514-7161
                            (202) 514-8780 (facsimile)

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ANTHONY JAMES MOORE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE NATIONAL DNA INDEX )<br>SYSTEM *et al.*, )<br>)<br>Defendants. )<br>_____ ) | Civil Action No. 06-362 (EGS)<br>Electronic Case Filing |

### DEFENDANTS' MEMORANDUM IN SUPPORT OF
### MOTIONS TO DISMISS AND FOR SUMMARY JUDGMENT

Plaintiff, who is currently serving a term of imprisonment stemming from a conviction of a sex offense under North Dakota state law, seeks access to DNA information in records of the Federal Bureau of Investigations ("FBI") which plaintiff believes may be associated with his prosecution. See generally Amended Complaint [Docket Entry No. 13]; State v. Moore, 662 N.W.2d 263 (N.D. 2003). Because the only relief sought is production of records, this case should be analyzed under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), even though plaintiff does not invoke the statute in his pleading. See Estelle v. Gamble, 429 U.S. 97, 106 (1976) (courts should treat liberally materials filed by a non-lawyer representing himself) (citation omitted). After extensive searches using the information provided by plaintiff, FBI personnel familiar with both FBI's record systems and CODIS, which is "an automated DNA information processing, telecommunications system that supports the National DNA Index System (NDIS), State DNA Index System (SDIS), and Local DNA Index System (LDIS)[,]" no responsive records have been located. Declaration of Robert Fram ("Fram Dec."), ¶¶ 5, 8

(attached as Exhibit 1); see Declaration of David M. Hardy ("Hardy Dec."), ¶ 21 (attached as Exhibit 2); Declaration of Kimberly J. Del Greco ("Del Greco Dec."), ¶ 9 (attached as Exhibit 3).

Defendants, identified in the amended complaint as the National DNA Index System, the Director of the National DNA Index System, the Federal Bureau of Investigation, the Director of the Federal Bureau of Investigation, and the United States Department of Justice's Office of Information and Privacy and its Director, Priscilla Jones, therefore, respectfully request that this case be dismissed as to individuals and that summary judgment be entered for the Department of Justice.[1]  Defendants have not withheld responsive documents and because FBI does not possess any responsive documents.  As a result, this Court lacks jurisdiction over plaintiff's FOIA claims.

### Statement of Facts

By letter dated November 9, 2005, plaintiff requested from the FBI's Laboratory Division "a copy of the DNA (deoxyribonucleic acid) test results that [sic] in your possession involving pamela j norh and me anthony james moore. . ."  See Hardy Dec. ¶ 5 & Exh. A. Shortly thereafter, FBI requested additional information from plaintiff in an effort to determine whether FBI could respond to plaintiff's request for information.  See id. ¶ 6 & Exh. B.  After plaintiff provided some additional identifying information about himself, FBI used it to search its Central Records System files at FBI's Headquarters.  See id. ¶¶ 7, 13-21.  No records were located and FBI informed plaintiff of that result.  See id. ¶ 7 & Exh. C.  Plaintiff promptly

---

[1] Because the amended complaint suggests that named individual defendants are sued in their official capacity only, undersigned counsel have not obtained from the Department of Justice representation authority for them in their personal capacities.  This motion is filed on their behalf in their official capacities; however, nothing in this motion should be deemed to waive any defenses they might have in their personal capacities, including but not limited to, immunity.

- 3 -

appealed to the Department of Justice's Office of Information and Privacy.  See id. ¶¶ 8-9, 12 & Exhs. D, E, and F.

Plaintiff instituted this action in February, 2006.  After appearing to dismiss the case voluntarily prior to any response from the defendants, plaintiff filed an amended complaint in September, 2006 seeking substantially the same relief.  See Docket Entry Nos. 1 [complaint], 13 [amended complaint].  In the meantime, plaintiff had continued to send correspondence to the FBI seeking DNA information relating to his conviction.  See Hardy Dec. ¶ 10; Del Greco Dec. ¶¶ 3, 5 & Exh. A, C; Fram Dec. ¶ 4.[2]  After the D.C. Circuit remanded to this Court, FBI's Laboratory Division and Investigative Services Section within the Criminal Justice Information Services were contacted to ensure that none of the information ever provided by plaintiff in materials he submitted to the Court or in any correspondence to the FBI could allow the FBI to locate responsive information.  See Hardy Dec. ¶ 21; Fram Dec. ¶¶ 7, 9-10; Del Greco Dec. ¶¶ 3-6.  Despite diligently following up on all of the information in its possession and searching all systems likely to contain responsive information, the FBI did not locate any responsive records.  See Hardy Dec. ¶ 22; Fram Dec. ¶ 8; Del Greco Dec. ¶ 9.

## Argument

Although the FOIA provides generally a statutory right of access to certain government information, it allows government agencies to withhold certain types of information because, among other reasons, Congress recognized the danger to law enforcement investigations,

---

[2] Although plaintiff never exhausted his administrative remedies with regard to these two FOIA requests in 2006, FBI's declarations address them specifically and because they duplicate the same FOIA request, they should be considered part of plaintiff's claims in this litigation.  See Fed. R. Civ. P. 15(b) & (d).

personnel, and others posed by public disclosure.  Accordingly, FOIA directs government agencies to disclose agency records to citizens who request them, unless the requested records fall within one of FOIA's nine enumerated exemptions.  Summary judgment is appropriate when, as here, the pleadings, together with all of the declarations, demonstrate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Alyeska Pipeline Serv. Co. v. EPA, 856 F.2d 309, 313 (D.C. Cir. 1988) (conflict in declarations alone insufficient to preclude entry of summary judgment); Weisberg v. Department of Justice, 627 F.2d 365, 368 (D.C. Cir. 1980).  The Court exercises de novo review over FOIA matters, and the burden is on the agency to justify all nondisclosures.  5 U.S.C. § 552(a)(4)(B); Department of Justice v. Reporters Comm. For Freedom of the Press, 489 U.S. 749, 755 (1989).  In carrying its burden of proof, agencies may rely on declarations of government officials which courts normally accord a presumption of expertise in FOIA as long as the declarations are sufficiently clear and detailed and submitted in good faith.  Oglesby v. Department of Army, 920 F.2d 57, 68 (D.C. Cir. 1990); see Hayden v. National Security Agency, 608 F.2d 1381, 1387 (D.C. Cir. 1979); Pharmaceutical Mfg. Ass'n v. Weinberger, 411 F. Supp. 576, 578 (D.D.C. 1978).  Once the Court determines that the declarations are sufficient, it need not inquire further.

    **A.**    **Plaintiff Cannot Proceed Under FOIA Against The Individually Named Defendants and the Only Proper Defendant is DOJ.**

Plaintiff seeks the production of the records associated with his criminal prosecution. See Am. Compl.; see also Hardy Dec. ¶ 5 & Exh A.  Under 5 U.S.C. § 552(a)(4)(B) and (f)(1), the only proper defendant in this case is the United States Department of Justice. Importantly, FOIA authorized civil actions only against federal agencies, and not against their individual

employees. See 5 U.S.C. § 552(a)(4)(B); Sherwood Van Lines, Inc. v. United States Department of the Navy, 732 F. Supp. 240, 241 (D.D.C. 1990). The individually named defendants are the director of the FBI and other employees of the Department of Justice who were involved in the processing of plaintiff's request for information or his appeal. See Hardy Dec. Exh. E (letter from Ms. Jones at OIP to plaintiff relating to his administrative appeal). Accordingly, plaintiff cannot state a claim against them under the FOIA, and all claims against the individually named defendants should be dismissed. Fed. R. Civ. P. 12(b)(1) & (6).

Additionally, plaintiff has failed to identify a valid waiver of sovereign immunity other than the FOIA. The FOIA allows only for injunctive relief. 5 U.S.C. § 552(a)(4)(B). Thus, to the extent that plaintiff seeks any relief against the individual defendants in their official capacities under the FOIA, he fails to cite any applicable waiver of sovereign immunity. When sued in their official capacities, government officials are not personally liable for damages; rather the damages action is equivalent to one against the government itself. See Atchinson v. District of Columbia, 73 F.3d 418, 424 (D.C. Cir. 1996). That plaintiff may have named (or sought to name) a federal employee as a defendant in her official capacity does not operate to evade the immunity of the sovereign. See Clark v. Library of Congress, 750 F.2d 89, 102-04 (D.C. Cir. 1984) (sovereign immunity acts as a bar to a damages remedy against the Librarian of Congress in an official capacity). Indeed, sovereign immunity bars all suits against the United States except in accordance with the explicit terms of the statutory waiver of such immunity. Cox v. Secretary of Labor, 739 F. Supp. 28, 29 (D.D.C. 1990); see also, United States v. Testan, 424 U.S. 392, 399 (1976); United States v. Mitchell, 445 U.S. 535, 538 (1980); Kline v. Republic of El Salvador, 603 F. Supp. 1313, 1316 (D.D.C. 1985). Accordingly, plaintiff's

claims for any relief other than the production of documents by the Department of Justice should be dismissed.

The only proper defendant under the FOIA is the agency rather than individual components of the agency. 5 U.S.C.§ 552(a)(4)(B); 5 U.S.C. § 552(f)(1). The term "agency," for purposes of the statute, is defined as "any Executive department, military department, Government corporation, Government-controlled corporation, or other establishment in the executive branch of the Government ... or any independent regulatory agency." 5 U.S.C. § 552(f). The term "Executive department" is further defined in Title 5 as a cabinet-level agency. See 5 U.S.C. § 105. The Department of Justice ("DOJ") is included in the list of cabinet-level agencies that fall within the definition of "Executive department." And, for example, the FBI is a component of DOJ. 28 C.F.R. Part 0, Subpart P. As such, FBI is not an "agency" within the definition of the FOIA. Accordingly, the only proper defendant in this action is the United States Department of Justice ("DOJ").[3]

### B. DOJ Has Not Withheld Any Documents.

To prevail in a FOIA case, a plaintiff must show that an agency has "(1) 'improperly' (2) 'withheld' (3) 'agency records.'" United States Dep't of Justice v. Tax Analysts, 492 U.S. 136,

---

[3] Although the D.C. Circuit suggested in *dicta* in Peralta v. Executive Office for U.S. Attorneys, 136 F.3d 169, 173 (D.C. Cir. 1998), that the FBI might "be subject to the FOIA in its own name, on remand, the District Court held that DOJ was the proper defendant and observed that DOJ's regulations provide for its components to respond to FOIA requests. See Peralta v. Executive Office for U.S. Attorneys, 69 F.Supp.2d 21, 31 (D.D.C. 1999) (memorandum granting reconsideration on substituting DOJ for the U.S. Attorney's Office for the Central District of California and reversing addition of EOUSA and FBI as parties). Here, as in Peralta, FBI responded to plaintiff's FOIA request and DOJ is defending FBI's response. Thus, the selection of DOJ or FBI as the proper defendant makes little, if any, practical difference. Of greater significance is the fact that neither the Director of the FBI nor any individual employees of DOJ are properly identified as defendants.

142 (1989), quoting Kissinger v. Reporters Comm. for Freedom of Press, 445 U.S. 136, 150 (1980); see 5 U.S.C. § 552(a)(4)(B).  To obtain summary judgment in its favor, the agency's burden is to establish that it has conducted a search reasonably calculated to uncover all responsive records.  Oglesby v. United States Dep't of the Army, 920 F.2d 57, 68 (D.C. Cir. 1990); Weisberg v. United States Dep't of Justice, 745 F.2d 1476, 1485 (D.C. Cir. 1984).  Agency affidavits are accorded a presumption of good faith, which cannot be rebutted by purely speculative claims about the absence and discoverability of documents.  Safeguard Servs., Inc. v. Securities & Exchange Comm'n, 926 F.2d 1197, 1200 (D.C. Cir. 1991).  The issue is not whether there might exist any other records possibly responsive to the request, but rather whether the actual search for responsive records was reasonable.  Id.; Meeropol v. Meese, 790 F.2d 942, 956 (D.C. Cir. 1986).  The agency can establish the reasonableness of its search by affidavits if they are relatively detailed, non-conclusory, and made in good faith.  Weisberg, 745 F.2d at 1485; Perry v. Block, 684 F.2d 121, 125-26 (D.C. Cir. 1982).  As long as the agency submits detailed affidavits showing the scope and method of the search, then, in the absence of countervailing evidence, or apparent inconsistency of proof, dismissal or summary judgment is appropriate in its favor.  Perry v. Block, 684 F.2d at 127.

   The agency's search should be reasonably calculated to uncover all responsive records. Weisberg, 745 F.2d at 1485.  Therefore, an agency should search those offices or components reasonably likely to have responsive records.  Knight v. Food & Drug Admin., 938 F. Supp. 710, 716 (D. Kan. 1996).  The FOIA does not require that an agency search every division or field office on its own initiative in response to a FOIA request when responsive documents are likely to be located in one place.  Marks v. United States Dep't of Justice, 578 F.2d 261, 263 (9th Cir.

1978).  Nor does the FOIA require that an agency search every record system.  Oglesby v Dep't. of Army, 920 F.2d at 68.  Furthermore, the agency is not required to speculate about potential leads to the location of the responsive documents.  Kowalczyk v. Department of Justice, 73 F.3d 386, 389 (D.C. Cir. 1996).

In this case, FBI began by searching its Central Records System which contains all information FBI acquires in the course of its law enforcement responsibilities.  See Hardy Dec. ¶ 13.  The Central Records System contains literally millions of records organized through subject matter and identifying numerical sequences assigned to each document, and FBI searches it by using its Automated Case Support System.  See id. ¶¶ 14-18.  FBI used plaintiff's name, date of birth, and address information to search for any main investigatory files or cross-references in the system involving him.  See id. ¶¶ 19-20.  This search uncovered no responsive records.  Id. That result is perhaps partially explained by the fact that plaintiff was prosecuted by state authorities in North Dakota and he fails to allege that any federal entities were involved in his criminal case.

Because the core of plaintiff's request for information related to DNA information and the FBI has certain responsibilities for coordinating DNA information submitted voluntarily by states, FBI also involved personnel in its Laboratory Division and Criminal Justice Information Services Division in the search to ensure that all places reasonably likely to contain responsive information had been thoroughly reviewed.  See Fram Dec. ¶¶ 7-10; Del Greco Dec. ¶ 9; see also Hardy Dec. ¶¶ 21-22; 28 U.S.C. § 534; 28 C.F.R. § 0.85(b).  These personnel confirm that names are not used in connection with the storage of DNA information.  See Fram Dec. ¶ 6.  Thus, no information can be retrieved directly from CODIS using plaintiff's name.  The purpose of

CODIS is limited to contacting relevant law enforcement authorities if a match of two submitted samples happens to occur.  See id.  Nevertheless, the Laboratory Division conducted a search using plaintiff's name, a laboratory number (C04-1175) and specimen number (CO–02-0039) he references repeatedly, and the name of a third person (Ondrea Miller) who appears to have been employed by the North Dakota Crime Laboratory.  See id. ¶¶ 7-10.  This information was either unrecognizable or did not lead to the discovery of any responsive information.  Id.  To the extent that responsive information may have ever existed, FBI personnel can only speculate that it would be retrievable by state officials in North Dakota where plaintiff was prosecuted.  See Del Greco Dec. ¶ 9; Fram Dec. ¶¶ 7, 9-10.

        **C.**      **Summary Judgment is Appropriate Because No Responsive Records Exist.**

A court has jurisdiction over a FOIA action only where an agency has improperly withheld agency records. 5 U.S.C. §552(a)(4)(B).  Here, defendant has not withheld any records because no documents responsive to plaintiff's request could be found after a reasonable search.  As a result, this case does not present a justiciable controversy.

It is axiomatic that Article III of the Constitution limits federal court jurisdiction to litigation presenting an actual case or controversy.  Federal courts are without power to resolve disagreements that fail to meet this jurisdictional prerequisite.  City of Los Angeles v. Lyons, 461 U.S. 95, 101-02 (1983); Flast v. Cohen, 392 U.S. 83, 94-101 (1986).  The case-or-controversy requirement ensures that the courts will undertake resolution only of issues that are concrete and sharply-focused, rather than imaginary disputes.  When the defendant has ceased the behavior which caused the case to be filed or, as in this case, eliminated the confusion that caused the plaintiff to file the action (e.g., the belief that the FBI withheld records concerning

plaintiff's criminal prosecution), courts need not reach a judgment.  DeFunis v. Odegaard, 416 U.S. 312, 318 (1974); A.L. Mechling Barge Lines v. United States, 368 U.S. 324, 331 (1961); Chamber of Commerce v. United States Department of Energy, 627 F.2d 289, 292 (D.C. Cir. 1980).

Here, the agency carried its burden to show that it conducted a search reasonably calculated to uncover all responsive records.  See Weisberg, 745 F.2d at 1485; Perry v. Block, 684 F.2d at 126.  That is all that is required.  Furthermore, the Department of Justice has done even more by providing rational reasons why it seems likely that it never had responsive documents.  See Ray v. United States Dep't of Justice, 908 F.2d 1549, 1559-60 (11th Cir. 1990), rev'd on other grounds sub nom. United States Dep't of State v. Ray, 502 U.S. 164 (1991); Kuffel v. United States Bureau of Prisons, 882 F. Supp. 1116, 1120-21 (D.D.C. 1995)(no jurisdiction exists over claims where agency conducted good faith, reasonable search and found no responsive documents); Bartlett v. United States Dep't of Justice, 867 F. Supp. 314, 316 (E.D. Pa. 1994).  When a FOIA request is pending, the agency is only able or obligated to release material that it actually has.  Therefore, the Court should find that this case does not present a justiciable controversy and should be dismissed because defendant's search was adequate to demonstrate that the FBI has no records responsive to plaintiff's request.

## Conclusion

For all these reasons, the Court should dismiss this action, or alternatively, enter summary judgment in favor of the federal defendants.

Dated: July 31, 2007.

                                              Respectfully submitted,

                                                _____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

 /s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


  /s/
JANE M. LYONS, D.C. Bar # 451737
Assistant United States Attorney
555 4th Street, N.W - Room E4822.
Washington, D.C.  20530
(202) 514-7161
(202) 514-8780 (facsimile)

## CERTIFICATE OF SERVICE

Because plaintiff is representing himself in this matter and is not registered to use the Court's Electronic Case Filing system, I certify that on July 31, 2007, I deposited a copy of the foregoing **DEFENDANTS' MOTION TO DISMISS AND FOR SUMMARY JUDGMENT** in the first class United States mail, postage prepaid, addressed to the following:

**ANTHONY JAMES MOORE**
No. 22547
North Dakota State Penitentiary
P. O. Box 5521
Bismarck, North Dakota 50506-5521


/s/_____
JANE M. LYONS
Assistant United States Attorney