IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ANTHONY J. MOORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-CV-0362(EGS) |
| ) | |
| FEDERAL BUREAU OF INVESTIGATION, ) | |
| ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

### DECLARATION OF ROBERT FRAM

I, Robert Fram, hereby declare as follows:

(1) I am the Section Chief of the Scientific Analysis Section, Laboratory Division, Federal Bureau of Investigation ("FBI"), U.S. Department of Justice, Quantico, Virginia. I have held this position since January 2006.

(2) The statements made in this declaration are based upon my personal knowledge, upon information provided to me in my official capacity, and upon conclusions and determinations reached and made in accordance therewith. Due to the nature of my official duties as Section Chief, Scientific Analysis Section, I am familiar with the inner workings of the Combined DNA Index System ("CODIS") and the information that it contains.

(3) I have become familiar with the request made by plaintiff, dated February 28, 2006, pursuant to the Freedom of Information Act ("FOIA")/Privacy Act ("PA"), to the Criminal

Justice Information Services ("CJIS") Division, FBI. Plaintiff requested a copy "of the DNA [] analysis results in your established centralized national DNA data base." See Exhibit A of the Del Greco declaration.

(4) I am also familiar with plaintiff's second request, dated March 20, 2006, in which he asked for substantially the same records as requested in his February 28, 2006 request. However, in this request he asked for "a copy of the DNA [] analysis results, that are in your CODIS, NDIS System." See Exhibit C of the Del Greco declaration.

(5) The Laboratory Division is the component within the FBI that maintains the CODIS. CODIS is an automated DNA information processing, telecommunications system that supports the National DNA Index System (NDIS), State DNA Index System (SDIS), and Local DNA Index System (LDIS). CODIS is implemented under the authority of the DNA Identification Act of 1994, Public Law No. 103-322, as a distributed database with three hierarchical levels (or tiers) – local, state, and national. The NDIS, which is the highest level in the CODIS hierarchy, enables laboratories participating in the CODIS Program to exchange and compare DNA profiles on a national level. CODIS was designed to be a system of pointers to help public U.S. crime laboratories compare and exchange DNA profiles. Among other things, CODIS generates investigative leads in crimes where biological evidence is recovered from a crime scene using two indexes, the Forensic Index and the Offender Index. The Offender Index contains DNA profiles of individuals convicted of crimes authorized by law to be included in NDIS.

(6) No names are used in CODIS, and only four pieces of information are listed: the

laboratory identification number; the specimen identification number; the DNA profile; and the user who entered the data. CODIS has a matching algorithm that searches the indexes and produces a list of candidate matches. After CODIS identifies a potential match, qualified DNA analysts in the laboratories responsible for the matching profiles contact each other to validate or refute the match. Only the agency that entered the information into CODIS has the identifiers necessary to access and retrieve DNA analysis relating to a specific individual. Since CODIS records do not include personal identifiers of the individuals from whom the DNA samples were collected, retrieval by personal identifiers is not possible. Names and personally identifiable information of DNA records also cannot be disclosed directly from CODIS. Further, CODIS will disclose to a criminal justice agency the DNA records of another criminal justice agency only when there is a potential DNA match. Any additional disclosures of personally identifiable information or other case-related data are made directly by the criminal justice agencies from their own files and records, not from CODIS.

(7) In order to conduct a reasonable search for responsive records the FBI Records Management Division ("RMD") requested that the Laboratory Division conduct a search for records responsive to plaintiff's FOIA request. In response to this request from RMD, an analyst within the Laboratory Division conducted a search of the Federal Convicted Offender (FCO) Database on or about November 8, 2006. The FCO Program, which is operated by the FBI Laboratory's DNA Analysis Unit I, analyzes samples submitted by offenders who are convicted of qualifying federal offenses and uploads those profiles into NDIS. As a result of this search we found that, based on the information provided by plaintiff, there is no indication that a DNA

sample from an Anthony James Moore with the same date of birth as that listed by the plaintiff was submitted to the FCO Program. Based on information provided by the plaintiff, we can speculate that this sample may have been submitted through the North Dakota State database as a requirement of North Dakota state law. If that is the case, the FBI does not have that information and any requests for DNA tests must be directed to that State. Only the state or local agency which collected the sample would have the ability to retrieve the results of the DNA test, because CODIS does not contain case-related or other personally identifying information about the person from whom the DNA sample was collected. North Dakota became a participant in NDIS in December of 2000. Any questions regarding which offenses North Dakota state law authorized for inclusion in their own state database at the time of defendant's apparent conviction should be referred to the state of North Dakota. Likewise, any queries to that state with regard to whether or not the plaintiff has ever had a profile entered into their state database which was subsequently uploaded by the state into NDIS must be referred to the state, as the FBI has no information of that nature.

(8) The FBI has conducted a search reasonably calculated to uncover all relevant documents responsive to plaintiff's request, and has found no responsive records. The FBI is also not authorized to intercede on plaintiff's behalf to acquire the requested information from the state or local agency that may have the records requested by plaintiff. Plaintiff will need to send a request to the specific agency involved with the collection.

(9) I am aware of attachments to the plaintiff's complaint, namely, an apparent laboratory report from the State of North Dakota Crime Lab Division. The report references

laboratory number C04-1175. As neither the attached laboratory report nor the laboratory number were generated by the FBI Laboratory, I am unable to provide any additional information on either of these items. The report appears to have been prepared by an individual named Ondrea Miller who is apparently an employee of the State of North Dakota Crime Laboratory Division. A summary review of the FBI's internal electronic directory does not reveal any employee within the FBI by the name of Ondrea Miller or Andrea Miller. Furthermore, I am not personally aware of anyone of either name who is currently employed by the FBI Laboratory.

(10) I am also aware of other correspondence from the plaintiff which makes reference to a specimen number CO-02-0039. With regard to specimen number CO-02-0039, I am unaware of the origin of that number, as provided by the plaintiff. It is not a specimen number within the FCO Database. If it refers to a specimen number belonging to a profile that has been uploaded by a state participant, then the FBI would have no means to validate whether that specimen actually came from the plaintiff, as he claims. All of that information resides with the state which entered the profile. If the state in this case is the state of North Dakota, as the plaintiff's complaint seems to indicate, then the plaintiff should contact the following:

>   North Dakota Department of Health
>   Crime Laboratory Division
>   2635 E. Main Avenue
>   Bismarck, North Dakota 58502-0937

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on July __26__, 2007, in Quantico, Virginia.

_____
Robert Fram
Section Chief
Scientific Analysis Section
Laboratory Division
Federal Bureau of Investigation