## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **ANTHONY JAMES MOORE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil  Action  No. 06-362 (EGS)** |
| | ) | **Electronic Case Filing** |
| **THE NATIONAL DNA INDEX** | ) | |
| **SYSTEM** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## DEFENDANTS' OPPOSITION TO
## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff has filed a motion for summary judgment in this case brought under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").  Defendants have already filed their own motion to dismiss and for summary judgment.  See Docket Entry No. 28.  Defendants oppose plaintiff's motion for the reasons set forth in the memorandum accompanying defendants' motion, and that memorandum is incorporated here by reference.  See id.  In short, plaintiff's motion should be denied because judgment should be entered in favor of defendants based on the absence of any responsive records after a reasonable and thorough search.  See id.

Plaintiff's motion references a collection of DNA from him and a request for genetic analysis apparently submitted by the State of North Dakota to the FBI.  As the three declarations in support of defendants' motion demonstrate, although the state of North Dakota participates in the federal DNA database program known as CODIS, information is not retrievable by a person's name, and information contained in various North Dakota crime laboratory reports is not used by the FBI.  See Declaration of Robert Fram, ¶¶ 5-10 (attached as Exhibit 1 to Docket No. 28);

Declaration of David M. Hardy, ¶¶ 19-22 (attached as Exhibit 2 to Docket No. 28); Declaration

of Kimberly J. Del Greco, ¶¶ 7-9 (attached as Exhibit 3 to Docket No. 28). These declarations

are entitled to a presumption of good faith. Oglesby v. Department of Army, 920 F.2d 57, 68

(D.C. Cir. 1990). Because these detailed declarations cogently explain the reasons why CODIS

is not designed to allow the retrieval of records the way plaintiff may believe, and nothing in his

motion calls any of the information in the FBI's declarations into any question, plaintiff cannot

create a material issue of fact regarding the adequacy of the FBI's search.

Significantly, the correspondence Plaintiff proffers concerning a match between

plaintiff's DNA profile as a convicted sex offender and another specimen is entirely between

state officials. Accordingly, it fails to show that any person at the FBI was ever able to connect

plaintiff to particular DNA information. Indeed, as the declaration of Ms. Del Greco indicated,

only state officials would be able to connect these dots because CODIS does not maintain DNA

information by name. See Del Greco Dec. ¶¶ 4, 6-9. When a DNA match occurs, the FBI

notifies the relevant state or other law enforcement authorities of that fact, but the FBI does not

maintain information which could allow it to determine the identities of the person whose genetic

profile is at issue. See id.

Finally, plaintiff's motion for summary judgment should be denied because the material

facts plaintiff offers in support of his motion for summary judgment are not supported by

admissible evidence.[1] Although the fourth paragraph's assertion that the FBI is authorized by

---

[1] With respect to the third paragraph of material facts, Mr. Metcalfe's letter is evidence only that he was closing plaintiff's administrative appeal in accordance with Department of Justice regulations because plaintiff had instituted this action in this Court. See 28 C.F.R. § 16.9(a)(3). Because defendants have not raised any defense based on a failure to exhaust administrative remedies, the facts surrounding plaintiff's appeal and its resolution are immaterial.

law to maintain a national DNA database is true, if plaintiff's DNA profile exists within the

system, FBI is unable to retrieve it by using his name.  Because plaintiff lacks any first-hand

knowledge concerning the design of FBI's CODIS, he cannot prevail.  See Fed. R. Civ. P. 56(e).

Because plaintiff's motion fails to demonstrate that there are no disputes of material fact

and that plaintiff is entitled to judgment as a matter of law, his motion should be denied.  See

Fed. R. Civ. P. 56(c).  A proposed order is attached.

Dated: August 15, 2007.

Respectfully submitted,

_____

JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney


_____

RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

 /s/
_____
JANE M. LYONS, D.C. Bar # 451737
Assistant United States Attorney
555 4th Street, N.W - Room E4822.
Washington, D.C.  20530
(202) 514-7161
(202) 514-8780 (facsimile)

---

See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

## <u>CERTIFICATE OF SERVICE</u>

Because plaintiff is representing himself in this matter and is not registered to use the

Court's Electronic Case Filing system, I certify that on August 15, 2007, I deposited a copy of the

foregoing **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY**

**JUDGMENT** in the first class United States mail, postage prepaid, addressed to the  following:

> **ANTHONY JAMES MOORE**
> No. 22547
> North Dakota State Penitentiary
> P. O. Box 5521
> Bismarck, North Dakota 50506-5521

/s/_____
JANE M. LYONS
Assistant United States Attorney