UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTHONY JAMES MOORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-362 (EGS) |
| ) | Electronic Case Filing |
| THE NATIONAL DNA INDEX ) | |
| SYSTEM *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
FOR ORDER FOR JUDGMENT BY DEFAULT**

Plaintiff has again moved for default judgment.[1] Defendants, identified in the Complaint as the National DNA Index System, the Director of the National DNA Index System, the Federal Bureau of Investigation, and the Director of the Federal Bureau of Investigation, through their undersigned counsel, respectfully oppose Plaintiff's Motion for Order for Judgment by Default.[2]

The allegations set forth in Plaintiff's Motion for Order For Judgment By Default (served on Defendants via U.S. Mail on August 18, 2007) are simply untrue. Plaintiff filed his Motion for Order for Summary Judgment on August 3, 2007. See Docket Entry No. 30. Plaintiff erroneously states that Defendants failed to respond to his Motion for Order for Summary Judgment on or before August 15, 2007. See Pl.'s Motion for Judgment By Default. In fact, the

---

[1] On November 8, 2006, the Court denied Plaintiff's first motion for judgment by default. See November 8, 2006 Order [Docket Entry No. 20].

[2] As of the filing of this response, Plaintiff's Motion for Order for Judgment By Default had not been placed on the Court's Electronic Case Filing system. Undersigned counsel are attaching a copy of Plaintiff's Motion as Exhibit 1.

docket demonstrates that Defendants filed their timely Memorandum in Opposition to Plaintiff's Motion for Summary Judgment on August 15, 2007.  See Docket Entry No. 31.  Plaintiff likely prepared the instant motion prior to the arrival of the service copy of Defendants' Opposition by U.S. mail.  Because Plaintiff is incarcerated, it would not be surprising for his mail to be subject to handling procedures that slightly delayed his actual receipt of Defendants' Opposition.  Any such delay, however, does not appear to have impaired Plaintiff's ability to file a reply promptly; Plaintiff's Reply was filed on August 23, 2007.  See Docket Entry No. 32.  Indeed, Plaintiff makes no mention in his Reply about Defendants' supposed failure to comply with the August 15 deadline.  See id.

Under these circumstances, default is plainly inappropriate.  The general standard in this Circuit for granting a motion for default judgment is set forth in Jackson v. Beech, 636 F.2d 831 (D.C. Cir. 1980), as well as Rule 55 of the Federal Rules of Civil Procedure.  As the Court of Appeals in Jackson noted, a default judgment is disfavored as "modern federal procedure favors a trial on the merits over a default judgment."  Id. at 835.  The Jackson Court further held that courts may grant default judgment against a "totally unresponsive party" after considering the following factors:  (1) whether the delay is willful, (2) whether the plaintiff has been prejudiced by the delay, and (3) whether the alleged defense is meritorious.  Jackson v. Beech, 636 F.2d at 835-36; Combs v. Nick Garin Trucking, 825 F.2d 437, 442 (D.C. Cir. 1987).

Significantly, when one seeks default against the government or its officers, the standard is significantly higher.  No judgment by default shall be entered against the United States or an officer or agency thereof unless the claimant establishes a claim or right to relief by evidence satisfactory to the court.  Fed. R. Civ. P. 55(e); see also O-J-R v. Ashcroft, 216 F.R.D. 150,

152-53 (D.D.C. 2003) (Rule 55(e) prohibits courts from entering default judgments against the United States or officers or agencies thereof unless the claimant, by evidence satisfactory to the court, establishes a right to relief).

Plaintiff's motion plainly fails to satisfy these standards because it is based on an erroneous factual premise. This Court's docket demonstrates that Defendants filed a timely opposition to his motion for summary judgment.

## Conclusion

For all these reasons, Plaintiff's Motion for Order for Judgment by Default should be denied. A proposed order is attached.

Dated: September 5, 2007.

Respectfully submitted,

JEFFREY A. TAYLOR, D.C.BAR # 498610
United States Attorney


 /s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

 /s/
JANE M. LYONS, D.C. BAR # 451737
Assistant United States Attorney
Civil Division
555 4th St., N.W. - Room E4822
Washington, D.C.  20530
(202) 514-7161

## CERTIFICATE OF SERVICE

Because plaintiff is representing himself in this matter and not registered to use the Court's Electronic Case Filing system, I certify that on September 5, 2007, I deposited a copy of the foregoing **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR ORDER FOR JUDGMENT BY DEFAULT** and proposed order in the first class United States mail, postage prepaid, addressed to the following:

    **ANTHONY JAMES MOORE**
    No. 22547
    North Dakota State Penitentiary
    P. O. Box 5521
    Bismarck, North Dakota 50506-5521

    /s/_____
    JANE M. LYONS
    Assistant United States Attorney