UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ANTHONY JAMES MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  06-0362 (EGS) |
| | ) | Document Nos.    25, 28, 30, 34 36 |
| | ) | |
| | ) | |
| NATIONAL DNA INDEX SYSTEM, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

MEMORANDUM OPINION

In this action brought *pro se*, plaintiff challenges the Federal Bureau of Investigation's

response to his request made pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C.

§ 552.[1]  Defendant has moved to dismiss and for summary judgment, and plaintiff has cross

moved for summary judgment.  Upon consideration of the parties' submissions and the entire

record, the Court will grant defendant's motion for summary judgment and deny plaintiff's cross

motion for summary judgment.

I.  BACKGROUND

By letter of November 9, 2005, plaintiff requested from the Federal Bureau of

Investigation "a copy of the DNA . . . test results . . . involving pamela j. north and me anthony

james moore hope olson the director of the crime laboratory. . . ."  Def.'s Ex. 2 (Declaration of

---

[1]  In addition to the FBI and the Director, plaintiff has named as defendants the National
DNA Index System and its director.  Because the FOIA provides a cause of action against federal
agencies only, the Court considers the action to be against the Department of Justice, of which
the FBI is a component.

2

David M. Hardy) ("Hardy Decl."), Ex. A.  By letter of December 12, 2005, the FBI informed

plaintiff that following a search of the "automated indices to our central records system [] at FBI

Headquarters," it had located no responsive records and further informed plaintiff of his appeal

rights.  *Id*., Ex. C.

     While plaintiff's administrative appeal was pending, plaintiff filed this action on February

28, 2006.  Meanwhile, by letter dated February 28,2006, to the National Crime Information

Center Records Department, plaintiff again requested DNA information concerning himself and

Ms. North.  Def.'s Ex. 3 (Declaration of Kimberly J. Del Greco) ("Del Greco Decl."), Ex. A.   In

a response dated March 13, 2006, the FBI described the organizational structure of its Combined

DNA Index System (CODIS) and advised plaintiff to "contact the federal, state or local authority

. . . which ultimately received the collected DNA sample to obtain instructions on how to access

[his] record."  *Id*., Ex. B.  Plaintiff instead replied a week later to the FBI by providing what he

believed to be a specimen identification number and additional information indicating the

collection of his DNA by state or local authorities in North Dakota.  He also requested "a copy of

the DNA . . . analysis results . . . in your CODIS, NDIS System."  *Id*., Ex. C.  The FBI informed

plaintiff that it did not maintain his DNA record and reiterated that he needed to contact "the

specific agency involved with the collection."  *Id*., Ex. D.   It included the addresses of the North

Dakota Crime Laboratory Division in Bismarck, North Dakota, and the Fargo, North Dakota,

Police Department.  *Id*.  Plaintiff amended his complaint on September 18, 2006, requesting the

release of "DNA records under [laboratory] numbers C04-1175 and C0-02-0039."  Am. Compl.

at 3.

3

## II.  DISCUSSION

Summary judgment "should be rendered  if the pleadings,  the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  Mere allegations or denials of the moving party's pleadings are not enough to prevent issuance of summary judgment.  The adverse party's response to the summary judgment motion must "set out specific facts showing a genuine issue for trial."  Fed. R. Civ. P. 56(e).

In a FOIA action, the Court may award summary judgment solely on the information provided in agency affidavits or declarations when they describe "the justifications for nondisclosure with reasonably specific detail . . . and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith."  *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981); *see also Vaughn v. Rosen*, 484 F.2d 820, 826 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974).

When, as here, no responsive records are located, the requester may challenge the adequacy of the agency's search.  *Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 326 (D.C. Cir. 1999).  Upon receipt of a request that "reasonably describes" the records sought, 5 U.S.C. § 552 (a)(3)(A), an agency is required "to make a good faith effort to conduct a search for the requested records, using methods which can reasonably be expected to produce the information requested."  *Int'l Trade Overseas, Inc.*, *v. Agency for Int'l Dev.*, 688 F. Supp. 33, 36 (D.D.C. 1988) (quoting *Marrera v. Dep't of Justice*, 622 F. Supp. 51, 54 (D.D.C. 1985)) (citation omitted).  Because the agency is the possessor of the records and is responsible for conducting the search, the Court may rely on "[a] reasonably detailed affidavit, setting forth the search terms

4

and the type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched." *Valencia-Lucena,* 180 F.3d at 326 (citing *Oglesby v. United States Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990); *Kowalczyk v. Dep't of Justice*, 73 F.3d 386, 388 (D.C. Cir. 1996); *Weisberg v. U.S. Dep't. of Justice*, 705 F.2d 1344, 1351 (D.C. Cir. 1983)).  In determining the adequacy of a FOIA search, the court is guided by principles of reasonableness.  *See Campbell v. United States Dep't of Justice*, 164 F.3d 20, 28 (D.C. Cir. 1998).  "[T]he fact that a particular document was not found does not demonstrate the inadequacy of a search."  *Boyd v. Criminal Div. of U.S. Dep't of Justice*, 475 F.3d 381, 390-391 (D.C. Cir. 2007) (citations omitted).

The Court is satisfied from the description of the filing systems at FBI Headquarters and the search conducted there, *see* Hardy Decl. ¶¶ 13-20, that defendant's initial search of its main and cross reference files by plaintiff's name was adequate.  Moreover, defendant reasonably determined that the Laboratory Division was the FBI component most likely to house records responsive to plaintiff's subsequent request.  *See* Del Greco Decl. ¶ 8; Def. Ex. 1 (Declaration of Robert Fram) ¶ 5.  Thus, FBI staff searched the Federal Convicted Offender Database maintained by the Laboratory Division based on the information plaintiff had provided.  *Id*. ¶ 7.  It found "no indication that a DNA sample from an Anthony James Moore with the same date of birth as that listed by the plaintiff was submitted to [that database]." *Id*.  Moreover, defendant followed up on information contained in the laboratory report (C04-1175) and also determined that the specimen number (CO-02-0039) that plaintiff had supplied was not "within [its] database."  *Id*.  ¶¶ 9-10.  Having located no responsive records, defendant surmised that plaintiff's "sample may have been submitted through the North Dakota State database as a requirement of North Dakota state law." *Id*.  If such was the case, the FBI would not have possessed those records.  *Id*.

5

With regard to plaintiff's request for a search of the FBI's "CODIS, NDIS System," Mr. Fram describes CODIS as an automated DNA database that supports DNA systems at the national (NDIS), state (SDIS) and local (LDIS) levels. *Id*. ¶ 5. It is used primarily for information-sharing among participating DNA laboratories as a criminal investigative tool. Mr. Fram explains that because CODIS records do not include personal identifiers, "[n]ames and personally identifiable information of DNA records []cannot be [retrieved] directly from CODIS." Fram Decl. ¶ 6. CODIS does catalogue information by, *inter alia*, specimen identification numbers, which plaintiff had provided, but "[o]nly the agency that entered the information into CODIS has the  identifiers [and expertise]  necessary to access and retrieve DNA analysis relating to a specific individual." *Id*. The Fram declaration therefore confirms the validity of the FBI's directive to plaintiff to contact the North Dakota authorities that he claims collected his DNA sample. Because an agency is required to disclose only responsive records in its custody and control at the time of the FOIA request, *McGehee v. Central Intelligence Agency*, 697 F.2d 1095, 1110 (D.C. Cir. 1983), the FBI had no obligation under the FOIA to contact the state and local entities to retrieve records for plaintiff.

## III.  CONCLUSION

Plaintiff has not presented any evidence to refute defendant's evidence demonstrating that it conducted a search reasonably calculated to locate responsive records. The Court therefore concludes that defendant has satisfied its obligations under the FOIA and is entitled to judgment as a matter of law.[2]

DATE: December 19, 2007                    SIGNED: EMMET G.  SULLIVAN
                                           UNITED STATES DISTRICT JUDGE

---

[2]  A separate Order accompanies this Memorandum Opinion.