## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

———————————————————— )
)
**ANTHONY JAMES  MOORE,** )
)
    **Plaintiff,** )
)
    **v.** )    **Civil Action No. 06-362 (EGS)**
)
**NATIONAL DNA INDEX SYSTEM et al.,** )
)
    **Defendants.** )
———————————————————— )


## <u>MEMORANDUM OPINION</u>

Plaintiff Anthony James Moore filed a request under the Freedom of Information Act
("FOIA"), 5 U.S.C. § 552, seeking DNA records related to himself.  This court granted summary
judgment to the defendants and Moore appealed.  The United States Court of Appeals for the
District of Columbia Circuit remanded the case for further proceedings concerning the adequacy
of the search.  Because the defendants' declaration establishes that the search was reasonably
calculated to uncover all responsive information and that the law forbids the release of any
responsive documents, summary judgment will be entered for the defendants.

### I.   FACTUAL BACKGROUND

There is no genuine dispute regarding the material facts.  Moore, currently incarcerated in
the North Dakota state penitentiary, *see* Compl. at 1, was convicted by a jury on November 20,
2001, of a felony sexual offense in violation of the North Dakota criminal code, *id.* ¶ 10.  Moore
hopes to obtain DNA records of genetic material identified by laboratory number CO4-1175 and
a copy of the DNA profile associated with identification number CO-02-0039, and to that end

requests two orders from this court:  one requiring the federal defendants in this case to produce

the requested documents, and the other directing the state crime laboratory in Bismarck, North

Dakota to provide him with the requested DNA records.[1]  *See id.* at 7.  Moore asserts that the

DNA records he seeks are maintained in the FBI's National DNA Index System.  *See* Pl.'s

Motion for Order to Grant Appropriate Relief at 2.  Moore has not definitively established that he

is the person whose genetic material or genetic profile are the subject of the record identifiers he

has provided.

The FBI maintains a National DNA Index System ("NDIS") that is "a national storage

medium" consisting of "a system of DNA records uploaded by federal, state, and local criminal

justice agencies."[2]  Defendants' Response to Order to Show Cause and Renewed Motion for

Summary Judgment ("Defs.' Mot. for Summ. J."), Second Declaration of Robert Fram, May 13,

2009 ("Fram Decl.") ¶¶ 4, 10.  The NDIS itself does not contain individuals' names or any other

personal identifier that would allow the records in the NDIS to be identified with a specific

person.  *Id.* ¶¶ 4, 5, 23, 24.  In short, the NDIS cannot be searched by an individual's name or

some other personal identifier for DNA records.  *Id.*  In order to link a record in the NDIS to any

individual, a different database must be used, *id.* ¶¶ 5, 12, which for ease of reference here will

be termed a link-database.  The FBI maintains such a link-database for federal offenders only,

---

[1]  This court is without jurisdiction to order the State of North Dakota's crime lab to
release documents under its control to Moore.

[2]  The Circuit opinion notes that the defendants "did not search" the "Combined DNA
Index System ("CODIS")."  Order, *Moore v. National DNA Index System et al.,* App. No. 08-
5001 (D.C. Cir. Nov. 18, 2008) (unpublished).  The defendants' declaration, however, establishes
that the CODIS is not itself a database but rather is a software program that searches the NDIS
database.  *See* Fram Decl. ¶¶ 6, 11.

called the Sample Tracking and Control System, ("STaCS"). *Id.* ¶ 12. The defendants have searched STaCS for Moore's name and other personal identifiers, and found no responsive records. *Id.* ¶ 13.

The defendants do not maintain and do not have access to either state or local link-databases. *Id.* ¶¶ 12, 24, 25. Thus, if a person who is a state or local offender, but who is not also a federal convict, has a DNA profile in NDIS, the FBI has no means of identifying that person's DNA records. *Id.* Furthermore, the FBI has no means of confirming that a specific record belongs to a specific person. *Id.*

## II.  DISCUSSION

### A.  Legal Standards Applied

Under Rule 56 of the Federal Rules of Civil Procedure, a motion for summary judgment must be granted if the pleadings and evidence on file show that there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247 (1986). In considering whether there is a triable issue of fact, a court must draw all reasonable inferences in favor of the non-moving party. *Id.* at 255. The party opposing a motion for summary judgment, however, "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *id.* at 248, that would permit a reasonable jury to find in his favor, *Laningham v. U.S. Navy,* 813 F.2d 1236, 1241 (D.C. Cir. 1987). The non-moving party must do more than simply "show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Moreover, "any factual assertions in the movant's affidavits will be accepted as being true unless [the opposing

party] submits his own affidavits or other documentary evidence contradicting the assertion."

*Neal v. Kelly,* 963 F.2d 453, 456 (D.C. Cir.1992) (quoting *Lewis v. Faulkner,* 689 F.2d 100, 102

(7th Cir.1982)).

      In a FOIA suit, an agency is entitled to summary judgment once it demonstrates that no

material facts are in dispute and that it conducted a search of records in its custody or control,

*Kissinger v. Reporters Committee for Freedom of the Press,* 445 U.S. 136, 150-51 (1980), that

was reasonably calculated to uncover all relevant information, *Weisberg v. Dep't of Justice,* 745

F.2d 1476, 1485 (D.C. Cir. 1984), which either has been released to the requestor or is exempt

from disclosure, *Students Against Genocide v. Dep't of State,* 257 F.3d 828, 833 (D.C. Cir.

2001). To show that its search "us[ed] methods which can be reasonably expected to produce the

information requested," *Oglesby v. Dep't of the Army,* 920 F.2d 57, 68 (D.C. Cir. 1990); *see also*

*Campbell v. United States Dep't of Justice,* 164 F.3d 20, 27 (D.C. Cir. 1998), the agency may

submit affidavits or declarations that explain in reasonable detail and in a nonconclusory fashion

the scope and method of the search, *Perry v. Block,* 684 F.2d 121, 126 (D.C. Cir. 1982). In the

absence of contrary evidence, such affidavits or declarations are sufficient to demonstrate an

agency's compliance with the FOIA. *Perry,* 684 F.2d at 127. A search need not be exhaustive,

*Miller v. United States Dep't of State,* 779 F.2d 1378, 1383 (8th Cir. 1985), and the adequacy of

a search is not determined by its results, but by the method of the search itself, *Weisberg,* 745

F.2d at 1485. An agency's failure to find a particular document does not necessarily indicate that

its search was inadequate. *Wilbur v. CIA,* 355 F.3d 675, 678 (D.C. Cir. 2004); *Nation Magazine*

*v. United States Customs Serv.,* 71 F.3d 885, 892 n.7 (D.C. Cir. 1995).

B.  Analysis

Moore, a state convict, has asked for DNA records related to himself.  The FBI can

identify DNA records only for federal convicts.  On the chance that records pertaining to Moore

might be in STaCS, the federal link-database, the defendants searched it.  As expected, there

were no responsive documents.  Fram Decl. ¶¶ 12–13.

The FBI cannot determine which records in the NDIS relate to a particular state convict.

In other words, it is not possible for the defendants to identify records in the NDIS that are

responsive to Moore's request for DNA records about himself.  Therefore, both a futile search

and not searching are methods equally reasonably calculated to uncover responsive documents.

The defendants have not searched the record systems they control for which it is impossible to

identify records related to Moore.  *Id.* ¶ 14.  Under these circumstances — where a search for

records related to Moore is, by design, literally impossible for the defendants to conduct[3]— not

searching satisfies the FOIA requirement of conducting a search that is reasonably calculated to

uncover responsive documents.

Moore's request is also one for specific records, that is, records associated with a specific

laboratory number and a specific DNA profile ID number.  But, the FOIA would allow Moore

access to those records ***only*** if the records relate to him and not to someone else.  *See* 5 U. S. C.

§§ 522(b)(6) (exempting from disclosure under the FOIA records that pertain to individuals, the

"disclosure of which would constitute a clearly unwarranted invasion of personal privacy"),

(b)(7)(C) (exempting from disclosure under the FOIA records "compiled for law enforcement

---

[3]  That the very design of the NDIS makes such a search impossible is a testament to the
government's well-placed concerns for the personal privacy of any individual whose DNA
records are stored in the NDIS.

purposes" that "could reasonably be expected to constitute an unwarranted invasion of personal privacy"). Here, Moore has not offered definitive evidence that the records he identifies by number are related to him and not to someone else. *See* Fram Decl. ¶ 26 (stating that the Laboratory Report Moore claims is related to his DNA does not establish that the report is in fact related to Moore's DNA). Even if Moore averred that the records relate to him and not to someone else, the defendants cannot verify the accuracy of such an averment. Thus, the defendants are not at liberty when responding to Moore's FOIA request to disclose the specific records he requested, but which they cannot verify do not belong to someone else.

Moreover, even if the defendants could either link Moore to particular DNA records in the NDIS or confirm that the specific DNA records Moore has identified by number pertain to him and not to someone else, the law expressly forbids disclosure of the NDIS records under the FOIA. *See* 42 U.S.C. § 14132(b)(3) (forbidding release of records stored in NDIS except under four enumerated circumstances, none of which apply to this FOIA request). While one of the four circumstances permits disclosure of DNA samples in the NDIS "for criminal defense purposes, to a defendant, who shall have access to samples and analyses performed in connection with the case in which such defendant is charged," 42 U.S.C. §14132(b)(3)(C), plaintiff Moore is not a criminal defendant in this action before this court, as defendants correctly note,[4] *see* Defs.'

---

[4] As defendants have noted "[t]he DNA information to which plaintiff seeks access is in the control of the authorized state laboratory, which uploaded the profile. In this case, the most likely laboratory is the Fargo North Dakota Crime Laboratory. That is why in my previous declaration, the FBI encouraged plaintiff to contact the Fargo, North Dakota Crime Laboratory directly, so that he may obtain instructions on how to access his record (North Dakota Office of Attorney General, Crime Laboratory Division, 2635 E. Main Ave., Bismarck, ND 58502 – 0937)." Fram Decl. ¶ 28.

Mot. for Summ. J. at 14.  Thus, the FOIA forbids disclosing to Moore the records he seeks from

the NDIS.  *See* 5 U.S.C. § 522(b)(3) (exempting from release any information that is "specifically

exempted from disclosure by statute").  In addition, the records stored in the NDIS are exempt

from disclosure under the Privacy Act.  *See* 5 U.S.C. §§ 522a(d), (e)(4)(H), (j)(2); Fram Decl.

¶ 15.

### III.  CONCLUSION

Because it is clear on the record before the court that the defendants have complied fully

with the applicable provisions of the Privacy Act and the FOIA, and that there are no genuine

issues of material fact, the defendants' motion for summary judgment will be granted, and all

other pending motions will be denied as moot.  A separate, final order accompanies this

memorandum opinion.

_____/s/_____
EMMET G. SULLIVAN

Date:  October 13, 2009                          United States District Judge